# EXHIBIT A
## (Complaint & Acceptance of Service)

# EXHIBIT A

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

A-17-749204-C

I

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| ASHLEY MURRAY, an individual; | UNIVERSAL HEALTH SERVICES, INC. D/B/A AND A/K/A SUMMERLIN |
| | HOSPITAL;  SUMMERLIN HOSPITAL MEDICAL CENTER, LLC |
| | D/B/A SUMMERLIN HOSPITAL; VALLEY HEALTH SYSTEM, LLC; DOES |
| | 1 through 10; and ROE Corporations 11 through 20, inclusive, |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Gabroy Law Offices | |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

1/6/2017
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
01/06/2017 11:24:46 AM

CLERK OF THE COURT

1

**COMJD**
GABROY LAW OFFICES
2 Christian Gabroy (#8805)
Kaine Messer (#14240)
3 The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
4 Henderson, Nevada 89012
Tel:    (702) 259-7777
5 Fax:    (702) 259-7704
christian@gabroy.com
6 kmesser@gabroy.com
*Attorneys for Plaintiff*
7

8                    **EIGHTH JUDICIAL DISTRICT COURT**

9                          **CLARK COUNTY, NEVADA**

10

11 ASHLEY MURRAY, an individual;          Case No.: A-17-749204-C
                                         Dept.: I
12                    Plaintiff,
vs.                                      **Complaint with Jury Demand**
13
UNIVERSAL HEALTH SERVICES, INC.
14 D/B/A AND A/K/A SUMMERLIN
HOSPITAL; SUMMERLIN HOSPITAL
15 MEDICAL CENTER, LLC D/B/A
SUMMERLIN HOSPITAL; VALLEY
16 HEALTH SYSTEM, LLC;
DOES 1 through 10; and ROE
17 Corporations 11 through 20, inclusive,

18                    Defendants.

19

20                         **COMPLAINT**

21       COMES NOW Plaintiff Ashley Murray ("Plaintiff" or "Ms. Murray"), by and through her

22 attorneys Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices, and

23 complains of Defendants Universal Health Services, Inc. d/b/a and a/k/a Summerlin

24 Hospital, Summerlin Hospital Medical Center, LLC d/b/a Summerlin Hospital, and Valley

25 Health System, LLC (collectively referred to herein as "Defendants") as follows:

26                   **VENUE AND JURISDICTION**

27       1.       There is a civil action for damages under state and federal laws prohibiting

28 unlawful employment actions and to secure the protection of and to redress deprivation of

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

rights under these laws.

2.      This Court has Jurisdiction based upon federal and state law.

3.      Jurisdiction and venue is also based on Plaintiff's claims under Nevada state and common law.

4.      All alleged unlawful employment actions occurred within this judicial district.

5.      The EEOC issued a right to sue on October 13, 2016. A true and correct copy of such notice of right to sue is attached as Exhibit I.

6.      Plaintiff demands a jury trial on all issues triable by jury herein.

## THE PARTIES

7.      Plaintiff, at all times relevant, is a natural individual residing in Clark County, Nevada.

8.      Plaintiff was an employee of Defendants Universal Health Services, Inc. d/b/a and a/k/a Summerlin Hospital.

9.      Plaintiff was an employee of Defendant Summerlin Hospital Medical Center, LLC d/b/a Summerlin Hospital.

10.     Plaintiff was an employee of Valley Health System, LLC.

11.     Defendant Universal Health Services, Inc. d/b/a and a/k/a Summerlin Hospital is a foreign corporation organized under the laws of Delaware and residing within the State of Nevada.

12.     Defendant Summerlin Hospital Medical Center, LLC d/b/a Summerlin Hospital is a Nevada limited liability company listed with the Nevada Secretary of State and also holds the fictitious firm name for Summerlin Hospital Medical Center with Clark County and was doing business in this Judicial District in Clark County, Nevada where the subject unlawful employment practices occurred.

13.     Defendant Valley Health System, LLC is a Nevada limited liability company listed with the Nevada Secretary of State.

14.     At all times relevant, Defendants had custody and/or control over Plaintiff and her employment and was responsible for Plaintiff's labor and employment matters.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

15.     DOE DEFENDANTS 1-10, inclusive, are persons and ROE DEFENDANTS 11-20, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendants.

16.     Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendants or who may be officers, employees, or agents of Defendants and/or a ROE CORPORATION or a related business entity.  These DOE/ROE Defendants were Plaintiff's employer(s) are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend the Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## FACTUAL ALLEGATIONS

17.     Ms. Murray was hired by Defendants on or about July 13, 2015 as a Patient Services Representative.

18.     Defendants represent to the general public that they "focus on clearly defined goals designed to bring about exemplary patient care."

19.     Ms. Murray is the mother of three children, and is responsible for providing for her family.

20.     Ms. Murray suffered from a serious health condition, her pregnancy.

21.     Ms. Murray was expecting a baby, with an initial delivery date predicted on or around July 13, 2016.

22.     In or about December of 2015, Ms. Murray provided notice to Defendants of her pregnancy.

23.     In or about January 2016, Ms. Murray began having complications from the pregnancy.

24.     In or about February 2016, Ms. Murray's supervisor asked her about the state of the pregnancy.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

25.     In or about February 2016, Ms. Murray responded to her supervisor's inquiry by informing her she had been experiencing pregnancy complications including but not limited to morning sickness, weakness, bladder issues, dizziness, and shortness of breath.

26.     In or about February 2016, Ms. Murray's pregnancy complications began to worsen.

27.     In or about February 2016, Ms. Murray's increasing pregnancy complications caused her to begin to call off from work or leave before the end of scheduled shifts.

28.     In or about February 2016, when Ms. Murray would inform call off from work or ask to leave a shift early, her supervisor would often sigh and would question Ms. Murray about the seriousness of the pregnancy complications.

29.     By about April 2016, Ms. Murray had nearly exhausted her accrued paid time off.

30.     On or about April 5, 2016, Ms. Murray became ill while registering a patient.

31.     Ms. Murray's coworker witnessed Ms. Murray becoming ill and called Ms. Murray's supervisor to inform her Ms. Murray had become ill and would therefore have to leave work.

32.     Ms. Murray's supervisor came into the room where Ms. Murray was while she was still experiencing symptoms of her illness.

33.     Upon Ms. Murray's supervisor coming into the room, Ms. Murray asked her supervisor if she could leave work for the day.

34.     Upon being asked if Ms. Murray could leave early for the day, Ms. Murray's supervisor informed Ms. Murray she would have to work the rest of her shift.

35.     Approximately thirty (30) minutes after Ms. Murray's supervisor denied Ms. Murray's request to leave early, Ms. Murray again became ill.

36.     Upon again becoming ill, Ms. Murray called her supervisor and informed her she had become ill and would have to leave work.

37.     Upon hearing Ms. Murray would have to leave work, Ms. Murray's supervisor took a deep sign and said "okay" before hanging up.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

38.     On or about April 26, 2016, Ms. Murray's supervisor holds a meeting with Ms. Murray and another coworker.

39.     During the aforementioned meeting on or about April 26, 2016, Ms. Murray's supervisor instructed Ms. Murray and her coworker that they were to both begin using the work-station-on-wheels ("WOW") machine which requires employees to push and/or pull the heavy machine.

40.     During the aforementioned meeting on or about April 26, 2016, Ms. Murray informed her supervisor that she was unable to use the WOW machine due to the weight of the machine and how it strained her stomach muscles.

41.     Ms. Murray feared the weight of the WOW machine and the strained it caused on her stomach would seriously affect her pregnancy and would put her unborn child at risk.

42.     During the aforementioned meeting on or about April 26, 2016, after Ms. Murray informed her supervisor that she was unable to use the WOW machine, Ms. Murray's supervisor informed Ms. Murray that if she was not willing to use the WOW machine she would have to find another job.

43.     On or about April 26, 2016 following the aforementioned meeting, Ms. Murray's supervisor requested Ms. Murray write a personal statement declaring that she would not use the WOW machine.

44.     Defendants list the "Major Source of Physical Demand" for the Patient Services Representative position as "sedentary work, computer and clerical tasks." See a true and correct copy of the Patient Services Representative Job Description and Physical Requirements attached as Exhibit II.

45.     Defendants list the "Strength" requirements of the Patient Services Representative position as "Moderate push/pull (10 to 20 pounds) Not required." See a true and correct copy of the Patient Services Representative Job Description and Physical Requirements attached as Exhibit II.

46.     Defendants further list the "Strength" requirements of the Patient Services Representative position as "Heavy push/pull (21 to 50 pounds) Not required." See a true and

correct copy of the Patient Services Representative Job Description and Physical Requirements attached as Exhibit II.

47.     Defendants further list the "Strength" requirements of the Patient Services Representative position as "Heaviest push/pull (> 50 pounds) Not required." See a true and correct copy of the Patient Services Representative Job Description and Physical Requirements attached as Exhibit II.

48.     On or about May 1, 2016, Ms. Murray sought treatment due to pregnancy complications.

49.     On or about May 1, 2016, Ms. Murray was given a return to work date of May 4th, 2016.

50.     On or about May 4, 2016, Ms. Murray presented to her OB/GYN, for a follow-up visit.

51.     On or about May 4, 2016, Ms. Murray's physician extended her leave for the duration of her pregnancy with a return to work date of September 6, 2016. See a true and correct copy of the Attending Physician's Statement-Progress Report attached as Exhibit III, page 2.

52.     On or about May 4, 2016, Ms. Murray's physician described the Ms. Murray's condition as "unable to work due to shortness of breath, weakness, and vertigo when standing. See a true and correct copy of the Attending Physician's Statement-Progress Report attached as Exhibit III, page 2.

53.     On or about May 4, 2016, Ms. Murray called her supervisor and informed her that her physician had places her on leave.

54.     On or about May 4, 2016, upon being informed by Ms. Murray her doctor had placed her on leave, Ms. Murray's supervisor instructed her to call the company that handled Defendants' employees' short-term disability.

55.     On or about May 4, 2016, Ms. Murray called the company that handled Defendants' employees' short-term disability.

56.     On or about May 4, 2016, Ms. Murray was informed she had until May 24, 2016

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

to turn in all necessary paperwork for her disability.

57.     On or about May 7, 2016, Ms. Murray checked her schedule posted online to confirm she had been placed on leave as May 7, 2016 would have been her next scheduled work day following her May 1, 2016 doctor's treatment.

58.     Upon checking the work schedule posted online on or about May 7, 2016, Ms. Murray discovered Defendants had scheduled her to work that day.

59.     Upon learning she had been scheduled to work on May 7, 2016, Ms. Murray sent a text message to her supervisor reminding her that she was still out on leave. See a true and correct copy of May 7, 2016 Text Message Conversation attached as Exhibit IV.

60.     On or about May 7, 2016, Defendants responded, "You really need to call me and speak to me. First of all it is a policy violation to text a call out. Second of all you have not been employed with the company long enough to be entitled to short-term disability. I need you to give me a call ASAP. I attempted to call you right when you text me however you did not answer." See a true and correct copy of May 7, 2016 Text Message Conversation attached as Exhibit IV.

61.     After receiving the text message from Defendant, Ms. Murray called her supervisor.

62.     During the telephone conversation, Ms. Murray's supervisor informed Ms. Murray she was irritated and frustrated with Ms. Murray's "whole pregnancy" situation.

63.     On or about June 1, 2016, Defendants sent Ms. Murray a letter which declared:

> We have received notification…that your Medical Leave of Absence has exhausted as of 5/24/16. You have not returned to work as of this date, and [the company that handled Defendants' employees' short-term disability] has indicated information due to them 5/3116 will be reviewed to determine an extension of LOA.
> This type of leave does not qualify for job protection, and your manager may need to fill your position.

See a true and correct copy of June 1, 2016 Letter attached as Exhibit V.

64.     Ms. Murray did not receive the June 1, 2016 letter until on or about June 13, 2016.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

65.     On or about June 17, 2016, Ms. Murray called Defendants' Human Resources seeking further explanation of her job status.

66.     During the June 17, 2016 telephone conversation, Defendants informed Ms. Murray that her position had been posted but Defendants had yet to fill the position of to conduct interviews for the position.

67.     During the June 17, 2016 telephone conversation, Defendants informed Ms. Murray that she would have job security if she returned to work prior to July 13, 2016.

68.     On or about June 21, 2016, Plaintiff complained of harassment and discrimination to Defendants via email. See a true and correct copy of June 21, 2016 email attached as Exhibit V.

69.     On or about June 22, 2016, Defendants mailed a letter to Defendants declaring "We have received notification…that your Medical Leave of Absence is approved through 7/12/2016. This type of leave does not qualify for job protection, and your manager has filled your position." See a true and correct copy of June 22, 2016 Letter attached as Exhibit VI.

70.     On or about June 22, 2016 Defendants terminated Ms. Murray.

71.     On or about June 22, 2016, Ms. Murray filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission.

**FIRST CAUSE OF ACTION**
**SEX/PREGNANCY DISCRIMINATION**
**NRS 613.335/Pregnancy Discrimination Act/Title VII 42 U.S.C. §2000e et. seq.**

72.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 71 above as if fully incorporated herein.

73.     As more fully set forth above, Defendants subjected Plaintiff to unwelcome, discriminatory, and harassing behavior.

74.     Defendants committed unlawful actions, including but not limited to, discriminatory comments regarding Plaintiff's pregnancy. Such actions constitute unlawful pregnancy and/or sex discrimination and harassment.

75.     Ms. Murray was told on by Defendants' agents that she was irritated and frustrated with Ms. Murray's "whole pregnancy" situation.

76.     As more fully set forth above, Plaintiff was subject to unlawful conduct and discrimination based upon her protected status as a pregnant female which included the termination of Plaintiff from her job based upon her protected status.  Such conduct at all times was unwelcome.

77.     Additionally, Defendants failed to accommodate Plaintiff's pregnancy.

78.     Further, Defendants terminated Plaintiff based upon her protected status as a pregnant female.

79.     All of Defendants unlawful actions described herein were done willfully and intentionally and in reckless disregard for Plaintiff's protected rights under state law.

80.     As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

81.     As a result of Defendants conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, have been damaged thereby, and are entitled to reasonable attorneys' fees and costs

82.     Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## SECOND CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

83.     Plaintiff repeats and realleges all of the allegations contained in Paragraphs 1 through 82 of this complaint as though fully set forth herein.

84.     Defendants had a duty of reasonable care to protect the Plaintiff from the negligent and/or careless actions of their own agents, officers, employees and others.  In addition, Defendants had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff, and to adequately train and supervise their employees in regards to all correct policies and procedures in regards to harassment, medical leave,

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

absence, and/or termination policies and procedures.

85.     In violations of that duty, Defendants damaged Plaintiff by failing to supervise, train and hire appropriate personnel which resulted in damages including severe emotional distress including but not limited to great mental and emotional harm, anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, loss of sleep and/or anxiety.

86.     As a direct and proximate result of Defendants' conduct described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000).

87.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

88.     Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.      For general damages in excess of $15,000.00;

2.      For special damages in excess of $15,000.00;

3.      For consequential damages in excess of $15,000.00;

4.      For punitive damages in excess of $15,000.00;

5.      For liquidated damages in excess of $15,000.00;

6.      For injunctive relief; and

///
///
///
///
///

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

7.      Such other and further relief as this Honorable Court may deem just and proper.

DATED this 6th day of January 2017.

GABROY LAW OFFICES

By _____
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel     (702) 259-7777
Fax     (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

**IAFD**
Gabroy Law Offices
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:    (702) 259-7777
Fax:    (702) 259-7704
christian@gabroy.com
*Attorneys for Plaintiff*

# DISTRICT COURT

## EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA

| | |
|---|---|
| ASHLEY MURRAY, an individual;<br><br>Plaintiff,<br>vs.<br><br>UNIVERSAL HEALTH SERVICES, INC. D/B/A AND A/K/A SUMMERLIN HOSPITAL; SUMMERLIN HOSPITAL MEDICAL CENTER, LLC D/B/A SUMMERLIN HOSPITAL; VALLEY HEALTH SYSTEM, LLC; DOES 1 through 10; and ROE Corporations 11 through 20, inclusive,<br><br>Defendants. | Case No.<br>Dept.<br><br>**Initial Appearance Fee Disclosure** |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

| | |
|---|---|
| Ashley Murray, Plaintiff | $270.00 |
| TOTAL REMITTED | $270.00 |

///

///

///

///

///

Page 1 of 2

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1   ///

2   ///

3       Dated this 6th day of January 2017.

4

5

6                                           GABROY LAW OFFICES

7                                           By:_____

8                                           Christian Gabroy, Esq.
9                                           The District at Green Valley Ranch
                                            170 South Green Valley Parkway
10                                          Suite 280
                                            Henderson, Nevada 89012
11                                          Tel:    (702) 259-7777
                                            Fax:    (702) 259-7704
12                                          christian@gabroy.com
                                            *Attorney for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Ashley Murray<br>9552 W. Tropicana # 1072<br>Las Vegas, NV 89147 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2016-01315 | Richard T. Burgamy,<br>Local Office Director | (702) 388-5054 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Richard T. Burgamy,
Local Office Director

OCT 1 3 2016

*(Date Mailed)*

Enclosures(s)

cc:   Alicia Dittenhoefer
      HR Administrator
      SUMMERLIN HOSPITAL & MEDICAL CARE
      657 Town Center Dr
      Las Vegas, NV 89144

# EXHIBIT II

Patient Services Representative-SHMC (FT-varied) Consolidated

Job ID: 192078

Description/Purpose Of Position:

Responsible for incoming patients of his/her representative and records information required for admission.

Description/Purpose Of Position:

Responsible for incoming patients of his/her representative and records information required for admission.

Minimum Qualifications:

Education:

High School or equivalent.

Experience:

Two years experience in a hospital admitting office or physician office preferred.

Technical Skills:

Computer proficiency to include word processing and patient accounting system.

Other:

Must be able to demonstrate the knowledge and skills necessary to provide service appropriate to the age of the patient. Some positions may require accurate interpretation and translation in a bilingual targeted language.

Apply Now

# VERY LIGHT PHYSICAL LABOR

ADMINISTRATIVE /CLERICAL

The following checklist serves as a guide in determining the strength and stamina needed to meet the physical requirements of this position.

Major Source of Physical Demand:  sedentary work, computer and clerical tasks

| F   Frequently (3-5 hours duration) | NA   Not physically required |
|---|---|
| C   Constantly (6 + hours duration) | O   Occasionally (0-2 hours duration) |
|  |  |
| **Strength** |  |
| Light Lift            (< 10 pounds) | Constantly |
| Moderate Lift        (10 to 20 pounds) | Occasionally |
| Heavy Lift           (21 to 50 pounds) | Not required |
| Heaviest Lift        (> 50 pounds) | Not required |
| Light push/pull        (< 10 pounds) | Constantly |
| Moderate push/ pull    (10 to 20 pounds) | Not required |
| Heavy push/pull       (21 to 50 pounds) | Not required |
| Heaviest push/pull      (> 50 pounds) | Not required |
|  |  |
| **Manual Dexterity/Coordination** |  |
| Simple Manipulative skills ( washing, cutting, turning) | Not required |
| Moderate difficult manipulative skills (repairing equipment) | Constantly |
| Difficult manipulative skills | Not required |
| Hand-eye coordination tasks (using tools) | Constantly |
| Arm-hand steadiness (handling tools, knives, hot substances) | Not required |
|  |  |
| **Mobility** |  |
| Walk | Occasionally |
| Stand | Occasionally |
| Sit for prolonged periods | Constantly |
| Get into/remain in awkward positions | Not required |
| Bending/Twisting | Occasionally |
| Reaching (overhead) | Occasionally |
| Climbing | Not required |
| Stooping/Squatting/Kneeling | Occasionally |
|  |  |
| **Visual/Auditory** |  |
| See far distances | Not required |
| See objects close up (reading) | Constantly |
| Discriminate colors (electrical wiring) | Not required |
| Hear normal sounds with some background noise | Constantly |
| Distinguish sounds | Constantly |
|  |  |
|  |  |
|  |  |
|  |  |

*The above analysis is for the sole purpose of complying with "The Americans with Disabilities Act" and is not to be construed to include all employees in each job classification.  The Employer reserves the right to change the requirements of each job analysis as changes in business and/or technology dictate.  All weights, distances and measurements cited in this analysis are approximations.*

# EXHIBIT III

ease fax the completed form to:
ax Number: 866-411-5613
**The Hartford**
**P.O.Box 14301**
**Lexington, KY 40512-4301**





**THE HARTFORD**

### ATTENDING PHYSICIAN'S STATEMENT - PROGRESS REPORT

**To be completed by the Employee**

| Patient Name: | Date of Birth: | Insured ID Number: |
|---|---|---|
| Ashley M. Murray | 11/04/1988 | 9004797818 |

Patient Address: (Street, City, State & Zip Code)

**To be completed by the Provider – Use current information from your patient's most recent office visit or examination to complete this form.**  (The patient is responsible for the completion of this form without expense to the Company.)

**Medical Conditions Impacting Activity**

Primary condition: *Pregnancy*                      ICD-9 Code: ☐
                                                     ICD-10 Code: ☑ ~~WG~~ V0 2 2 33

Secondary condition(s): *Scoliosis*                  ICD-9 Code: ☐
                                                     ICD-10 Code(s): ☑ M41.9

Subjective symptoms: *Shortness of breath, dizzy and weak causing falls.*

Objective Physical Findings (Please include office notes for date(s): _____ to _____

**Pertinent Test Results (list all results or attach test results):**

Test: _____   Date: _____   Results: _____

Test: _____   Date: _____   Results: _____

Condition(s) Specific Medications, Dosage and Frequency: _____

**TREATMENT PLAN**

Current Treatment Plan: *Prenatal Care*

What is the Frequency / Duration of Treatment? *every 2 weeks* Dates of Treatment: _____

First Office Visit for this condition: *12/23/15*   Last Office Visit: *5/25/16*   Next Scheduled Office Visit: *6/8/16*

Has Surgery been performed since last report? | |Yes ⊙No If "Yes," on what Date(s): _____

Procedure(s): _____                              CPT Code(s): _____

Was patient hospitalized since last report? | Yes | ⊙No If "Yes," Hospital name and Phone Number: _____
                                             Admission date: _____   Discharge date: _____

Has patient been referred to other physicians? ☐Yes ☒No If "Yes," Date of Referral(s): _____

Other Physician Name _____   Phone Number: (  ) _____   Specialty: _____

Other Physician Name _____   Phone Number: (  ) _____   Specialty: _____

¹The Hartford® is The Hartford Financial Services Group, Inc. and its subsidiaries.

2016 15:08:03 EDT   FROM: F2M/85000260744      MSG# 1606100999-006-1      PAGE 003 OF 003

_nt Name:_                    Date of Birth:              Insured ID Number:

lease complete this section to the best of your ability. Generalized comments such as "unable to work" may delay your patient's disability benefits.

Based on your most recent medical findings and opinion, address the full range of restrictions/limitations, noting that we will conclude there are no restrictions on function unless specified below.

Restrictions/Limitations based on office visit dated: 5/4/16      Expected Return to Work date: 9/6/16

In an 8 hour period the patient is able to:  (select either continuous or intermittent)

| | Continuously with standard breaks | | Intermittently with standard breaks | If intermittent circle time for each section below | |
|---|---|---|---|---|---|
| | | | | Hours at one time | Total hours/8 hours |
| Sit | ☐ | or | ☐ | 1 2 3 4 5 6 7 8 | 1 2 3 4 5 6 7 8 |
| Stand | ☐ | or | ☐ | 1 2 3 4 5 6 7 8 | 1 2 3 4 5 6 7 8 |
| Walk | ☐ | or | ☐ | 1 2 3 4 5 6 7 8 | 1 2 3 4 5 6 7 8 |

Provide medical findings/rationale for your opinion if patient is unable to continuously sit, stand or walk.

Patient unable to work due to shortness of breath, weakness, and vertigo when standing

| Activity Ability (with normal breaks) | Never 0 hours | Occasionally up to 2.5 hours | Frequently 2.5 to 5.5 hours | Constantly 5.5 to 8 hours | Please indicate diagnosis, symptoms, exam findings, and/or imaging that supports the restrictions/limitations |
|---|---|---|---|---|---|
| Bend at waist | ☐ | ☐ | ☐ | ☐ | |
| Kneel/crouch | ☐ | ☐ | ☐ | ☐ | |
| Climb | ☐ | ☐ | ☐ | ☐ | |
| Balance | ☐ | ☐ | ☐ | ☐ | |
| Drive | ☐ | ☐ | ☐ | ☐ | |
| Lift – indicate weight in pounds | ▓ | _____ lbs. | _____ lbs. | _____ lbs. | |
| Other Restrictions (if any) _____ | ☐ | ☐ | ☐ | | |

Hand Dominance:  ☐ Right   ☐ Left

Upper  Extremity Activity (not load bearing)  Specify right (R) or left (L) if not bilateral

| | | | | |
|---|---|---|---|---|
| Fine manipulation (fingering, keyboard) | ☐ | ☐ | ☐ | ☐ |
| Gross manipulation (grip/grasp, handle) | ☐ | ☐ | ☐ | ☐ |
| Reach (extend arms) above shoulder | ☐ | ☐ | ☐ | ☐ |
| Reach (extend arms) below shoulder at desk or workbench level | ☐ | ☐ | ☐ | ☐ |

Please attach copies of imaging results/tests

Expected duration of any restriction(s) or limitation(s) listed above: Delivery + 8 weeks
Current Status (Please check one):  ☐ Recovered   ☐ Improved   ☑ Unchanged   ☐ Retrogressed
Additional Comments (if Necessary): EDD 7/12/16

Does the patient have a psychiatric / cognitive impairment? ☐ Yes  ☑ No   If "Yes," please describe the extent of the impairment and its etiology:

In your opinion is the patient competent to endorse checks and direct the use of the proceeds? ☑ Yes   ☐ No

Provider's Name: (please print or type)   Douglas Tanita, MD      EIN Number:       License Number: 13860

Telephone Number: (702) 617-1097   Fax Number: (702) 384-7139   Degree: MD   Specialty: OB/GYN

Street Address (Street, City, State & Zip Code): 2845 Siena Heights Dr  Henderson NV 89052
Office Contact and Telephone Number:

Provider's Signature:      Date signed: 5/27/16

# EXHIBIT IV



**Darlene**
(702) 300-0464

Good morning Darlene, did you get a notification that my doc has taken me off work until the 15th of this month?

10:38 AM

On STD

10:38 AM

You really need to call me and speak to me. First of all it is a policy violation to text a call out. Second of all you have not been employed with our company long enough to be entitled to short-term disability. I need you to give me a call ASAP. I attempted to call you right when you text me however

160/1

Type message

 **Darlene**
(702) 300-0464 

employed with our company long
enough to be entitled to short-term
disability. I need you to give me a
call ASAP. I attempted to call you
right when you text me however
you did not answer.@

Hi Darlene, just checking in with
you, I just checked on Shifthound
and it shows me still off which is
correct. I was put on Leave until
delivery, but Tia mentioned seeing
me at work tomorrow.

Shifthound should is up-to-date.

160/1

Type message

# EXHIBIT V



**Ashley m**
to Rhonda
5 days ago View details

---------- Forwarded message ----------
From: "Ashley m" <ammurray76@gmail.com>
Date: Jun 21, 2016 10:01 PM
Subject: Unethical Work events
To: <lori.briggs@uhsinc.com>
Cc:

 **IMG_20160621_214743.jpg**

 **IMG_20160621_214755.jpg**

I am writing this CONFIDENTIAL letter, in regards to several unethical events that have happened in the work place; name calling, harassment, personal attacks, and discrimination from my Dept. Manager Darlene Dove unto myself. They have been going on for several weeks. I would like the issues resolved immediately with no retaliation.

On April 11ᵗ I was called into a one-on-one meeting with Darlene. She pulled me into the office and told me that it was brought to her attention from several employees that I had been bullying a co-worker, Julieann. I was shocked at the accusations, but allowed her to finish. She proceeded to tell me that employees told her that they witnessed me bullying Julieann and had come to her in hopes of getting it resolved. I listened to the claims.

Darlene: I wanted to talk to you because it was brought to my attention by several employees that you

   **work events.docx**      

# EXHIBIT VI



*The* Valley ★ Health *System*

Representing:
Desert Springs, Spring Valley, Summerlin, Valley and Centennial Hills Hospital Medical Centers
8801 West Sahara, Ste. 201
Las Vegas, Nevada 89117

June 22, 2016

ASHLEY MURRAY
6371 PEBBLECREEK LODGE WAY
LAS VEGAS, NV 89148

Dear Ashley:

We have received notification from Sedgwick that your Medical Leave of Absence is approved through 7/12/16. This type of leave does not qualify for job protection, and your manager has filled your position.

You may apply for any open position in which you meet the minimum qualifications once you are able to return to work. You may also apply at the other Valley Health System hospitals.

The Corporate Benefits Office will contact you about continuing your insurance under COBRA. If you have participated in the 401(k) plan it is your responsibility to contact Fidelity at 1-800-835-5092.

If you have any questions, please contact me in the Human Resources Department at 702-369-7894.

Sincerely,

Michele Norton
HR Generalist

Electronically Filed
01/23/2017 10:32:22 AM

**CLERK OF THE COURT**

1  ACSR
   GABROY LAW OFFICES
2  Christian Gabroy, Esq. (#8805)
   Kaine Messer, Esq. (#14240)
3  The District at Green Valley Ranch
   170 South Green Valley Parkway, Suite 280
4  Henderson, Nevada 89012
5  Tel    (702) 259-7777
   Fax    (702) 259-7704
6  christian@gabroy.com
   kmesser@gabroy.com
7  *Attorneys for Plaintiff*

8                    **DISTRICT COURT**

9               **CLARK COUNTY, NEVADA**

10  ASHLEY MURRAY, an individual;          Case No.  A-17-749204-C
                                           Dept. No. I
11                 Plaintiff,

12  vs.

13  UNIVERSAL HEALTH SERVICES, INC.        **ACCEPTANCE OF SERVICE**
    D/B/A AND A/K/A SUMMERLIN
14  HOSPITAL; SUMMERLIN HOSPITAL
    MEDICAL CENTER, LLC D/B/A
15  SUMMERLIN HOSPITAL; VALLEY
    HEALTH SYSTEM, LLC;
16  DOES 1 through 10; and ROE
    Corporations 11 through 20, inclusive,
17
                   Defendants.
18

19       Wendy M. Krincek of Littler Mendelson, P.C., attorney for Universal Health Services,

20  Inc., Summerlin Hospital Medical Center, LLC., and Valley Health Systems, LLC., hereby

21  accepts service of Summons and Complaint on behalf of Defendants Universal Health

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   Services, Inc., Summerlin Hospital Medical Center, LLC., and Valley Health System, LLC.

2        DATED this _____ day of January 2017.

3                                LITTLER MENDELSON, P.C.

4                                By: _____

5                                Wendy M. Krincek, Esq.

6                                3960 Howard Hughes Parkway
                             Suite 300

7                                Las Vegas, NV 89169
                             Fax: (702) 993-0569

8                                wkrincek@littler.com
                             *Attorney for Defendant*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28